IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **DEMARIO L. ROBERTSON,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Civil Action No. 7:21-cv-00042-O-BP |
| § | |
| **OFFICE OF THE ATTORNEY** § | |
| **GENERAL, CHILD SUPPORT** § | |
| **DIVISION,** § | |
| § | |
| **Defendant.** § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are *pro se* plaintiff Demario Robertson's Complaint (ECF No. 1) and his Response to the Court's Show Cause Order ("Response"), doubly filed on October 1, 2021 and October 4, 2021. ECF Nos. 12 and 13. Though filed twice, both Responses are identical and respond to the same Show Cause Order, which the Court issued on September 22, 2021. ECF No. 11. After considering Robertson's pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** this case **WITHOUT PREJUDICE** for failure to state a claim on which relief may be granted and lack of subject matter jurisdiction.

**I.     BACKGROUND**

Demario Robertson ("Robertson") filed this action on June 8, 2021, alleging that the Office of the Attorney General's Child Support Division ("Defendant") violated his Eighth Amendment rights and infringed on what the Complaint calls his "rights of unfair employment and unpeaceful assembly." ECF No. 1. That same day, Robertson's case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 2. On June 23, 2021, Robertson filed an

Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 5), which this Court granted on June 25, 2021, subject to judicial screening under 28 U.S.C. § 1915(e)(2). ECF No. 6. To better understand Robertson's claims and determine if his lawsuit belonged in federal court, the Court issued a Show Cause Order on September 22, 2021. ECF No. 11. That Order asked Robertson to explain his cause of action further and requested clarification of his asserted grounds for federal jurisdiction. *Id.* Robertson responded on October 1, 2021, with a document that was filed again on October 4, 2021. ECF Nos. 12 and 13.

## II.   LEGAL STANDARD

Because Robertson is proceeding *in forma pauperis*, his complaint is subject to *sua sponte* dismissal if it is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009). A complaint lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). To state a claim for which relief may be granted, a complaint must plead "enough facts to state a claim to relief that is plausible on its face" with sufficient specificity "to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A federal court has an independent duty, at any level of the proceedings, to determine

whether it properly has subject-matter jurisdiction over a case. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A] federal court may raise subject matter jurisdiction *sua sponte*."). A court will not assume it has jurisdiction. Rather, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted).

The Eleventh Amendment of the United States Constitution provides that "[t]he Judicial power of the United States" does not extend to lawsuits "against one of the United States" under most circumstances. U.S. CONST. amend. XI. In particular, the Eleventh Amendment has been interpreted to mean that states may not be sued in federal court unless they unequivocally consent to suit or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). Eleventh Amendment immunity extends to state agencies and to state officials if the relief sought would operate against the state. *Id.* at 101.

The Court subjects the pleadings of *pro se* parties to less rigid analysis than those of a party represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, "even a liberally-construed *pro se* . . . complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires "whether within the universe of

theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976).

### III.   ANALYSIS

#### A.   Robertson does not state a claim for which relief can be granted.

Robertson's Complaint alleged violations of his Eighth Amendment rights and other undiscernible civil liberties that apparently arise from Defendant's withholding of a stimulus check to offset some of Robertson's outstanding child support payments. ECF No. 1. But the Eighth Amendment establishes that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VII. Because the Eighth Amendment provides no legal authority relevant to Robertson's claims, the undersigned attempted to discern his cause of action by liberally construing his assertions in the Complaint and Response. *See Estelle*, 429 U.S. at 106 (citing *Haines*, 404 U.S. at 520). However, even liberally construed, Robertson's pleadings lack a "short and plain statement showing that [Robertson] is entitled to relief." *See* Fed. R. Civ. P. 8.

Robertson's Complaint was confusing and contained a perplexing articulation of damages. The standard civil complaint form Robertson used in this action provides a space for plaintiffs to "[s]tate briefly and precisely what damages or other relief" they seek. *See* ECF No. 1 at 4. For that, Robertson wrote "[d]amages of unkept housing, clothing, food and furniture being bought without fraud and debt counsel 41 USC 7108(a)(b)(c)." *Id.* Liberally construed, this seems to request reimbursement for expenditures Robertson planned to make using his stimulus check before Defendant diverted it to outstanding child support payments. However, the legal authority Robertson cited was 41 U.S.C. § 7108, which concerns federal payments for disputed government contracts and has nothing to do with the facts of this case. Because the damages articulated in the

Complaint did little to contextualize Robertson's allegations, the Court issued the September 22 Show Cause Order to better understand what Robertson was alleging and why his case against a Texas state governmental entity belonged in this Court. ECF No. 11.

Robertson's Response unfortunately served to obfuscate the case further. In it, Robertson explained that he seeks reimbursement of his stimulus check, $10,000 in ETFs of Tyson Foods, Inc., a 1964 Chevrolet Impala, and a judicial declaration that he owns the property located at "204 Kensington Court, MLS #84916961." ECF Nos. 12 and 13. Beyond this additional assertion of damages, the Response did not include any information helpful in adjudicating Robertson's case or determining if it belongs in federal court. Thus, without more information than Robertson included in the Complaint and Response, the pleadings lack any factual assertions that would "raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555. Accordingly, Judge O'Connor should dismiss this case without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *See Neitzke v. Williams*, 490 U.S. at 325.

**B.    The Court lacks subject matter jurisdiction over Robertson's claims.**

Even if Robertson had stated allegations for which relief could be granted, his case still should be dismissed because this Court lacks subject matter jurisdiction over his claims. Federal courts have an independent duty, at all stages of a proceeding, to ensure subject matter jurisdiction exists for the claims before them. *See Ruhrgas AG*, 526 U.S. at 583. Robertson brings an ostensibly federal claim by alleging violations of his rights under the Eighth Amendment of the United States Constitution. *See* ECF No. 1. The Complaint explains that this alleged Eighth Amendment violation occurred when Defendant diverted Robertson's stimulus check toward outstanding child support payments. *Id.* As discussed above, the Eighth Amendment does not apply to Robertson's claims. However, Courts have a responsibility to "read between the lines" of *pro se* pleadings to

determine if they nevertheless present a colorable, jurisdictionally proper claim, despite citing an improper legal authority. *See Estelle*, 429 U.S. at 106.

Having liberally construed the pleadings, the undersigned cannot escape the conclusion that Robertson's case does not belong in a federal court. This is true both because the Eighth Amendment does not apply to Robertson's case and because the Eleventh Amendment does apply. Robertson brings this suit against an arm of the state—the Child Support Division of the Office of the Attorney General—and the relief sought would directly operate against the state. *See* ECF No. 1. The Eleventh Amendment proscribes lawsuits against states in federal court absent unequivocal consent or a waiver of sovereign immunity. *Halderman*, 465 U.S. at 99-100. This immunity extends to state agencies and their officials if the relief sought would operate against the state. *Id.* Thus, the Eleventh Amendment precludes Robertson's claims as the Court construes the Complaint and Response. Accordingly, Judge O'Connor should dismiss this action without prejudice for lack of subject matter jurisdiction. *See Warnock v. Pecos Cnty., Tex.*, 88 F.3d 341, 343 (5th Cir. 1996) ("Because sovereign immunity deprives the court of jurisdiction, the claims barred by sovereign immunity [are] . . . not with prejudice.").

## IV.   CONCLUSION

For the foregoing reasons, the undersigned **RECOMMENDS** that Judge O'Connor **DISMISS** this action **WITHOUT PREJUDICE** because Robertson does not state a claim for which relief can be granted and because the Court lacks subject matter jurisdiction over his claims.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection

must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

      **SIGNED** on October 15, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE